IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC R. ALLEN,

    Plaintiff,                    CV F 05 0146 AWI WMW P

  vs.                             ORDER GRANTING EXTENSION OF TIME TO
                                  RESPOND TO ORDER TO SHOW CAUSE

                                  (THIRTY DAY DEADLINE)

J. RIVERA, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against correctional officials employed by CDCR at Corcoran.

    This action proceeds on the March 29, 2006, first amended complaint. Plaintiff claims that he was subjected to inadequate medical care, and improperly placed in the Security Housing Unit without due process of law.

    The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a

civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement.   All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted.   Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are: Allen v. Mullem, No C 91-3995 BAC (N.D. Cal. Aug 13, 1992); Allen v. Crandell, No. C 95-0673 VRW (N.D. Cal. June 28, 1995); Allen v. Vaughn, No. C 98-0276 VRW (N.D. Cal. Feb 4, 1998).   Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating imminent danger of serious injury.

Plaintiff alleges that he was subjected to deliberately indifferent medical care in June of 2004, such that it constituted excessive force.  Plaintiff also contends that officials at Corcoran wrongly placed him in the Security Housing Unit.  Specifically, Plaintiff disagrees with the finding that he was a threat to the safety of others.  Plaintiff has not, however, alleged any facts indicating that he is in imminent danger in serious injury.

Accordingly, on April 10, 2008, an order to show cause was entered, directing Plaintiff to show cause why he should not be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  On April 21, 2008, Plaintiff filed a response to the order to show cause. Plaintiff argues that he has already been granted leave to proceed in forma pauperis.

Plaintiff is advised that the court will revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C § 1915(g) for the grounds noted in the April 10, 2008, order to show cause.  The court will grant Plaintiff further opportunity to respond to the order to show cause.

Accordingly, IT IS HEREBY ORDERED that Plaintiff is granted an extension of time of

1 | thirty days from the date of service of this order in which to file a response to the April 10, 2008,
2 | order to show cause.

4 | IT IS SO ORDERED.

5 | **Dated:   April 24, 2008**          /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE