# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN, | CASE NO. 1:05-cv-00146-AWI-YNP PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| J. RIVERA, et al., | |
| Defendants. | (Doc. 18) |
| | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Cedric R. Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. However, the events described in Plaintiff's complaint took place while Plaintiff was incarcerated at the California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff is suing under section 1983 for the violation of his rights under the U.S. Constitution. Although Plaintiff does not specify what constitutional rights were violated, the facts alleged by Plaintiff appear to implicate Plaintiff's rights under the Eighth and Fourteenth Amendments.. Plaintiff names J. Rivera (correctional officer), McVay (correctional officer), Beattles (correctional officer), T. Quillen (correctional officer), R. Beer (correctional sergeant), F. Munoz (correctional sergeant), W. Felin (doctor), S. Rocha (correctional counselor), J. Martinez (correctional sergeant), D. Cano (correctional counselor), D. D. Sheppard-Brooks (associate warden), and L. L. Lowden (captain) as defendants. For the reasons set forth below, the Court finds that Plaintiff's second amended complaint states some cognizable claims. Plaintiff will

1

be ordered to either notify the Court that he wishes to proceed only on the cognizable claims, or file an amended complaint that cures the deficiencies in his non-cognizable claims.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

**A.     Procedural Background**

Plaintiff filed the original complaint in this action on February 2, 2005. (Doc. #1.) Plaintiff

2

filed an amended complaint on March 29, 2006. (Doc. #8.) On August 15, 2008, the Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1915A. (Doc. #17.) The Court found that Plaintiff's amended complaint failed to comply with the Federal Rules of Civil Procedure and failed to state any claims upon which relief can be granted under section 1983. Plaintiff's amended complaint was dismissed and Plaintiff was given leave to file a second amended complaint using the legal standards provided by the Court in its screening order. Plaintiff filed his second amended complaint on September 23, 2008. (Doc. #18.) This action proceeds on Plaintiff's September 23, 2008 second amended complaint.

### B. Factual Background

On June 4, 2004, Plaintiff kicked Defendant J. Rivera. Plaintiff was dragged to the ground by Rivera and Defendant T. Quillen. Plaintiff was then hit repeatedly on the head with a long metal key and maced in the face. Plaintiff did not resist the assault and was lying down in a prone position while in handcuffs. Rivera and Quillen punch and kneed Plaintiff then dragged Plaintiff to a rotunda where multiple staff had responded to the incident. Plaintiff was slammed into the wall and attacked by several unknown officers. Defendant R. Beer then grabbed Plaintiff by the throat and choked him for four to five seconds. Defendant F. Munoz attempted to open Plaintiff's mouth so that Munoz could spray mace down it. Plaintiff resisted and Munoz maced Plaintiff in the face. Defendant McVay then struck Plaintiff in the face with a closed fist. Plaintiff was slammed to the ground by McVay, causing his teeth to chip and a denture to fly out of his mouth. McVay began to grind his knee into Plaintiff's jaw while an officer placed Plaintiff into leg restraints. McVay and another unknown officer then picked Plaintiff up off the ground and slammed him into a pillar of concrete, fracturing Plaintiff's forehead. Plaintiff was dragged into the shower by McVay and the unknown officer and forced Plaintiff's face into the shower water, rendering Plaintiff unable to breathe. When Plaintiff was taken out of the shower, Defendant Beattles ordered a spit mask to be placed over

///

Plaintiff's head. Plaintiff told Beattles that he could not breathe through the spit mask but was ignored.

On June 8, 2004, Defendant W. Felin removed several stitches from Plaintiff's bottom lip

3

prematurely.[1] Plaintiff claims that this was done deliberately to cause Plaintiff pain. Plaintiff informed Felin that the stitches were not ready to come out, but Felin ignored Plaintiff. Plaintiff claims that Felin used an oversized pair of scissors and a small plastic scalpel to remove the stitches, which caused the procedure to take a considerable amount of time and caused excruciating pain. Plaintiff claims a "life long scar" developed on his bottom lip because the stitches were removed prematurely.

Plaintiff claims that other prison staff relentlessly retaliated against Plaintiff for kicking Rivera. Specifically, Defendants S. Rocha, D. Cano, D. D. Sheppard-Brooks, L. L. Lowden, and J. Martinez refused to release Plaintiff from the security housing unit ("SHU") when his term expired and imposed an indeterminate SHU sentence without any reason. Plaintiff also claims that he was given a sex offender label so that he would be in danger when he was released into the general population. Finally, Plaintiff claims that he was transferred to a prison where he had known enemies in retaliation for his actions.

### III. Discussion

#### A. Eighth Amendment Claims

Plaintiff does not specifically identify the rights at issue in his complaint, but they appear to arise out of the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347

---

[1] Presumably these are stitches for injuries caused by the June 4, 2004 incident. Plaintiff does not specifically allege whether they are.

4

(1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1. Defendants Rivera, Quillen, Beer, Munoz, McVay, and Beattles

Plaintiff claims that Defendants Rivera, Quillen, Beer, Munoz, McVay, and Beattles violated Plaintiff's rights under the Eighth Amendment by brutally attacking Plaintiff and endangering his health and safety on June 4, 2004. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff claims that Rivera, Quillen, Beer, Munoz, and McVay brutally attacked Plaintiff because Plaintiff kicked Rivera. Plaintiff's allegations demonstrate that the degree of force used far surpassed the amount of force necessary to maintain or restore discipline. Plaintiff states cognizable claims against Defendants Rivera, Quillen, Beer, Munoz, and McVay for the use of excessive force in violation of the Eighth Amendment. Plaintiff also claims that Beattles endangered Plaintiff's life

by placing a spit mask over Plaintiff's face despite Plaintiff's protests that he could not breathe. Plaintiff states a cognizable claim against Defendant Beattles for the use of excessive force in violation of the Eighth Amendment.

### 2. Defendant Felin

Plaintiff claims that Defendant Felin violated his constitutional rights by providing inadequate medical care. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Plaintiff claims that Felin deliberately removed the stitches from Plaintiff's lip early in order to cause pain and long term scarring. Plaintiff claims that Felin's actions were done deliberately to cause the unnecessary and wanton infliction of pain. Plaintiff alleges sufficient facts to state a cognizable claim against Defendant Felin for the violation of Plaintiff's rights under the Eighth Amendment.

### 3. Defendants Rocha, Cano, Sheppard-Brooks, Lowden, and Martinez

Plaintiff claims that Defendants Rocha, Cano, Sheppard-Brooks, Lowden, and Martinez violated Plaintiff's constitutional rights when they retaliated against Plaintiff for kicking Defendant Rivera. Plaintiff claims that Rocha, Cano, Sheppard-Brooks, Lowden, and Martinez were "classification members" who held Plaintiff in the SHU for an indeterminate amount of time[2], placed

---

[2] Plaintiff's complaints regarding his indeterminate SHU term will be analyzed as a Fourteenth Amendment Due Process Claim.

6

a sex offender label on Plaintiff, and transferred Plaintiff to a prison that held known enemies of Plaintiff.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff alleges facts that suggest that Rocha, Cano, Sheppard-Brooks, Lowden, and Martinez acted with deliberate indifference to a serious threat to Plaintiff's safety. However, the extent of the threat to Plaintiff's safety is unclear. Plaintiff claims that he was given a sex offender label after he was transferred to a "SHU group-yard." It is unclear what a "SHU group-yard is." Plaintiff claims that he was given a sex offender label for "the purpose of impeding the Plaintiff from being released from SHU and into the general inmate population was to further endanger his safety." It is unclear why or how being retained in the SHU endangered Plaintiff's safety, nor is it clear how the sex offender label posed a risk to Plaintiff's safety if he was purposefully being retained in the SHU. Plaintiff does not allege that anybody who would have harmed Plaintiff because of his sex offender label had the opportunity to do so while Plaintiff was retained in the SHU. Plaintiff also alleges that he was transferred to a prison that housed known enemies. However, Plaintiff claims that "he was placed in administrative segregation right off the bus," making it is unclear whether his known enemies had any opportunity to harm Plaintiff while he was segregated. It is unclear whether Plaintiff actually faced a substantial risk of serious harm from Defendants' actions. Therefore,
///
Plaintiff fails to allege sufficient facts to state a cognizable claim against Rocha, Cano, Sheppard-Brooks, Lowden, and Martinez for the violation of Plaintiff's rights under the Eighth Amendment.

**B.** **Fourteenth Amendment Due Process Claims**

Plaintiff's complaint also claims that he was deprived of a "significant liberty interest." The Court construes Plaintiff's allegations as claiming a violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to (1) whether the challenged condition mirrored those conditions imposed upon inmates imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

Plaintiff claims that being retained in the SHU for eighteen months deprived Plaintiff of a significant liberty interest. In determining whether being retained in the SHU implicates a liberty interest protected by the Due Process Clause, the Court must analyze the conditions in the SHU. Plaintiff has not alleged any facts regarding the conditions in the SHU. Thus, Plaintiff has not demonstrated that he has a protected liberty interest against being retained in the SHU because he has not demonstrated that the conditions in the SHU impose an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Plaintiff has not alleged how the conditions in the SHU are different from ordinary prison life. Thus, Plaintiff has not alleged facts sufficient to establish that he was deprived of a protected liberty interest. Plaintiff fails to state any cognizable claims for the violation of his rights under the Due Process Clause of the Fourteenth Amendment.

**IV. Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Rivera, Quillen, Beer, Munoz, McVay, and Beattles for the use of excessive force in violation of the Eighth Amendment. Plaintiff also states cognizable claims against Defendant Felin for providing deliberately indifferent medical treatment in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff seven (7) summonses and seven (7) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

///

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Rivera, Quillen, Beer, Munoz, McVay, Beattles and Felin for the violation of Plaintiff's rights under the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    March 17, 2010**            /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE