**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. RIVERA , et. al.,<br><br>　　　　Defendants. | CASE NO. 1:05-cv-00146-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SOME CLAIMS AND ALLOW CASE TO PROCEED ON OTHER CLAIMS<br><br>(Doc. 12) |

**I.   Procedural History**

Plaintiff Cedric Allen ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 2, 2005, Plaintiff filed the original complaint. (Doc. 1).  On March 29, 2006, Plaintiff filed the first amended complaint.  (Doc. 8).  On August 15, 2008, the first amended complaint was dismissed with leave to amend.  (Doc. 17).  On September 23, 2008, Plaintiff filed the second amended complaint.  (Doc. 18).  On March 18, 2010, Plaintiff was ordered to either submit an amended complaint or proceed on the cognizable claims.  (Doc. 20). On June 4, 2010, Plaintiff filed the third amended complaint which is presently before this Court. (Doc. 25).[1]

**II.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

---

[1] Although the complaint is docketed (Doc. 25) as the second amended complaint, it is in fact the third amended complaint.

1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
8  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
9  support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467
10 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*
11 *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898
12 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the
13 allegations of the complaint in question, and construe the pleading in the light most favorable to the
14 plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22
15 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

16 **III.    Plaintiff's Third Amended Complaint**

17      Plaintiff is a state prisoner at Centinela State Prison in Imperial, California.  The acts he
18 complains of occurred at California Substance Abuse Treatment Facility and State Prison ("SATF")
19 in Corcoran, California.  In the third amended complaint, Plaintiff names Correctional Officer J.
20 Rivera, Correctional Officer McVay, Beattles, Correctional Officer T. Quillen, Correctional Officers
21 John Does I through V, Sergeant R. Beer, Sergeant F. Munoz, Sergeant J. Martinez, Dr. W. Felin,
22 Correctional Counselor S. Rocha, Correctional Counselor D. Cano, Associate Warden Sheppard
23 Brooker, and Captain L.L. Lowden as defendants in this action.  Plaintiff seeks compensatory and
24 punitive damages in addition to declaratory and injunctive relief.  (Doc. 25, Third Amended
25 Complaint at 5-6, 18).

26      On June 4, 2004, Plaintiff kicked Defendant J. Rivera.  (Doc. 25 at 6).  Plaintiff was dragged
27 to the ground by Rivera and Defendant T. Quillen.  (Doc. 25 at 6).  Plaintiff was then hit repeatedly
28 on the head with a long metal key and Defendant Rivera sprayed mace in Plaintiff's face several

1  times. (Doc. 25 at 6-7). Plaintiff did not resist the assault and was lying down in a prone position
2  while in handcuffs. (Doc. 25 at 7). Rivera and Quillen punch and kneed Plaintiff then dragged
3  Plaintiff to a rotunda where several unknown officers slammed Plaintiff into a wall, repeatedly
4  punched and kneed Plaintiff. (Doc. 25 at 7). While still handcuffed, officer John Doe I bent
5  Plaintiff's fingers back and officer John Doe II pulled Plaintiff's jumpsuit and stringed-necklace so
6  tight that it was choking Plaintiff. (Doc. 25 at 7). Plaintiff repeatedly indicated to the officers that
7  he was choking. (Doc. 25 at 7). At that point Defendant R. Beer grabbed Plaintiff by the throat and
8  choked him for forty to fifty seconds and stated 'Now you can't breath,' then released grip on
9  Plaintiff. (Doc. 25 at 8).

10  Then Defendant F. Munoz attempted to get Plaintiff to open his mouth so that Munoz
11  could spray mace in Plaintiff's mouth. (Doc. 25 at 8). Plaintiff resisted and Munoz sprayed mace
12  in Plaintiff's face. (Doc. 25 at 8). Defendant McVay then struck Plaintiff in the face with a closed
13  fist and slammed Plaintiff to the ground, chipping his two front teeth and causing his top denture to
14  fly out of his mouth. (Doc. 25 at 8). The top tooth cut clear through Plaintiff's bottom lip creating
15  a small pool of blood. (Doc. 25 at 8). While Plaintiff was still handcuffed, McVay began to grind
16  his knee into the left side of Plaintiff's jaw while officer Moles placed Plaintiff into leg restraints.
17  (Doc. 25 at 8-9).

18  McVay and another officer John Doe III then picked Plaintiff up off the ground and slammed
19  him into a pillar of concrete, fracturing Plaintiff's forehead. (Doc. 25 at 9). Plaintiff was dragged
20  into the shower by McVay and Doe III forced Plaintiff's face to tilt upward into the shower water,
21  making water fill Plaintiff's nostrils and rendering Plaintiff unable to breathe for over forty-five
22  seconds. (Doc. 25 at 10). When Plaintiff was taken out of the shower, Defendant Beattles ordered
23  Doe IV and Doe V to place a spit mask over Plaintiff's head. (Doc. 25 at 10-11). As Plaintiff's nose
24  was clogged with mucous and since blood from his lip was saturating the mesh spit mask, Plaintiff
25  told Beattles that he could not breathe through the spit mask. (Doc. 25 at 10-11). Defendant Beattles
26  replied 'If you are talking, you are breathing.' (Doc. 25 at 11). Plaintiff had to take shallow breaths
27  in order to breath through the mask. (Doc. 25 at 11).

28  On June 8, 2004, Plaintiff alleges that Defendant W. Felin removed several stitches from

1  Plaintiff's bottom lip prematurely. (Doc. 25 at 11). Plaintiff claims that this was done deliberately to cause Plaintiff pain. (Doc. 25 at 11). Plaintiff informed Felin that the doctor who originally sewed the stitches stated that the stitches would not be ready to come out until after ten days and that removing the stitches on day four would be too early. However, Felin ignored Plaintiff. (Doc. 25 at 11-12). Plaintiff claims that Felin used an oversized pair of scissors and after two or three failed attempts, Felin used a small plastic scalpel to remove the stitches, which caused the procedure to take a considerable amount of time and caused intentional tearing of the skin. (Doc. 25 at 12). On June 29, 2004, it was discovered that Defendant Felin neglected to remove one remaining stitch and a nurse removed it painlessly. (Doc. 25 at 12). Plaintiff claims a "life long scar" developed on his bottom lip because the stitches were removed prematurely which caused his skin to tear. (Doc. 25 at 12).

Plaintiff claims that other prison staff relentlessly retaliated against Plaintiff in revenge for Plaintiff kicking and allegedly breaking the ribs of Rivera. (Doc. 25 at 13). Specifically, Defendants S. Rocha, D. Cano, D. D. Sheppard-Brooks, L. L. Lowden, and J. Martinez refused to release Plaintiff from the security housing unit ("SHU") when his eighteen month term expired and without reason, imposed an indeterminate SHU sentence with periodic review. (Doc. 25 at 13).

### IV. Plaintiff's Claims

#### A. Eighth Amendment Excessive Force

The Eighth Amendment prohibits prison officials from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834, (*quoting Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (Eighth Amendment excludes

4

from constitutional recognition *de minimis* uses of force). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178-79 (2010). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson* at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

**1. Defendants Rivera, Quillen, Does I through III, Beer, Munoz, McVay**

Plaintiff claims that Defendants Rivera, Quillen, Beer, Munoz, McVay, and Does I through III violated Plaintiff's rights under the Eighth Amendment by brutally attacking Plaintiff on June 4, 2004, while Plaintiff was handcuffed and not resisting. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are: 1) the need for the application of force; 2) the relationship between the need and the amount of force that was used; and 3) the extent of the injury inflicted. *Whitley*, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. *Id.*

The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." *Id.* at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices

1 that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-322 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)).

Plaintiff claims that Rivera, Quillen, Beer, Munoz, McVay and Does I through III brutally attacked Plaintiff because Plaintiff kicked Rivera. Plaintiff's allegations demonstrate that the degree of force used far surpassed the amount of force necessary to maintain or restore discipline. Plaintiff states a cognizable claim against Defendants Rivera, Quillen, Beer, Munoz, McVay and Does I through III for the use of excessive force in violation of the Eighth Amendment.[2]

### B. Eighth Amendment Deliberate Indifference to Serious Medical Needs

For Plaintiff to prevail on an Eighth Amendment claim, he "must objectively show that he was deprived of something sufficiently serious, and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)(internal quotations omitted). To prove the subjective prong, Plaintiff must present facts demonstrating that prison officials were aware of a "substantial risk of serious harm" to inmate and that prison officials had no "reasonable" justification for the deprivation in spite of the risk. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010). To satisfactorily demonstrate that prison officials were aware of the substantial risk, Plaintiff proving the obviousness of the risk posed by the deprivation is sufficient to demonstrate that prison officials were aware of the substantial risk. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds by, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In applying this

---

[2] Plaintiff states in his amended complaint that he has not yet ascertained the identities of the Doe defendants. The inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev. 1981).

6

standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

**1. Defendants Beattles, Doe IV and Doe V**

Plaintiff alleges that Beattles and two Doe defendants endangered Plaintiff's life by placing a spit mask over Plaintiff's face despite Plaintiff's protests that he could not breathe. Plaintiff's complaint stating he was able to breath, albeit shallowly, demonstrates that Plaintiff did not have a serious medical need and Defendants Beattles' placing the spit mask on Plaintiff and allowing the spit mask to remain on after Plaintiff stated that he could not breathe does not demonstrate the use of excessive force under the circumstances.[3]

Plaintiff does not state a cognizable claim against Defendant Beattles and Does IV and V

---

[3] Furthermore, even if there was a serious medical need, it was not clearly established at the time of the incident that placing a spit mask over Plaintiff would violate his constituional rights. *See McSherry v.City of Long Beach*, 560 F.3d 1125, 1129-30 (9th Cir. 2009); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

7

for the use of excessive force or deliberate indifference of a serious medical need.  Therefore, the Court recommends dismissing the claim against Beattles and Does IV and V for conduct involving the spit mask since it is apparent that amending the complaint could not correct defects of this claim by alleging different facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009).

### 2. Defendant Felin

Plaintiff claims that Defendant Felin violated his constitutional rights by providing inadequate medical care.  Plaintiff claims that Felin deliberately removed the stitches from Plaintiff's lip early in order to cause pain and long term scarring.  Plaintiff's assertion that Felin should have waited a few more days before removing stitches amounts to a difference in medical opinion which does not give rise to a § 1983 claim.  *See Toguchi*, 391 F.3d at 1060; *Franklin*, 662 F.2d at 1344; *Sanchez*, 891 F.2d at 242.  The premature removal of stitches fails to meet the standard of posing and an excessive risk to Plaintiff's health.  *See Jackson*, 90 F.3d at 332 (9th Cir. 1986).  At most, such conduct amounts to mere 'indifference,' 'negligence,' or 'medical malpractice' and such will not support a § 1983 action.  *See Broughton*, 622 F.2d at 460 (citing *Estelle*, 429 U.S. at 105-06 (1976)).

Therefore, the Court recommends dismissing the claim against Defendant Felin for conduct involving the removal of stitches since it is apparent that leave to amend the complaint could not correct defects of this claim by alleging different facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009).

### C. Fourteenth Amendment Due Process Claims

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  When a prisoner faces disciplinary charges, prison officials must provide the prisoner with: 1) a written statement at

least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; 2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and 3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (9th Cir. 1974); *see also Superintendent v. Hill* 472 U.S. 445, 454 (1985); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996); *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek v. Oregon bd. Of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *see also Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999). However, challenging the sufficiency of procedures employed in initially placing a prisoner in the security housing unit is different from challenging the sufficiency of procedures used in determining whether to retain a prisoner in administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 477 n. 9

(1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir.1986); *Sheley v. Dugger*, 833 F.2d 1420 (11th Cir. 1987).

As the United State Supreme Court noted in dicta:

> Prison officials must engage in some sort of periodic review of the confinement of [administratively segregated] inmates. This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner-which will have been ascertained when determining to confine the inmate to administrative segregation-and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner.

*Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Periodic reviews that a prisoner receives while being held in the administrative segregation unit are sufficient procedural protections to satisfy the Due Process Clause. *See Hewitt v. Helms*, 459 U.S. 460, 477 n. 9 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir.1986) (instructing that while prison officials must engage in some sort of periodic review of the confinement of prisoners held in administrative segregation, this review does not require that prison officials permit the submission of additional evidence or statements); *Black v. Parke*, 4 F.3d 442, 447-48 (6th Cir. 1993); *Sheley v. Dugger*, 833 F.2d 1420 (11th Cir. 1987); *Pina v. McGrath*, 299 Fed.Appx. 726, 727 (9th Cir. 2008) (unpublished); *see also McKeithan v. Beard*, 322 Fed.Appx. 194, 199 (3d Cir. 2009) (unpublished).

### 1. Defendants Rocha, Cano, Sheppard-Brooks, Lowden, and Martinez

Plaintiff claims that Defendants S. Rocha, D. Cano, D. D. Sheppard-Brooks, L. L. Lowden, and J. Martinez violated Plaintiff's Due Process rights by retaining Plaintiff in an indeterminate SHU term with periodic reviews in revenge for Plaintiff kicking and allegedly breaking the ribs of Defendant Rivera. As Plaintiff alleges that he has been afforded periodic reviews every 180 days of his status in administrative segregation, such review provides sufficient procedural protections to satisfy the Due Process Clause. *See Hewitt v. Helms*, 459 U.S. 460, 477 n. 9 (1983), *overruled*

*on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir.1986).

Since it is apparent that granting leave to amend the complaint could not correct defects of this claim by alleging different facts, the Court recommends dismissing the Due Process claim against Defendants Rocha, Cano, Sheppard-Brooks, Lowden, and Martinez for their involvement with retaining Plaintiff in administrative segregation after periodically reviewing Plaintiff's confinement. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009).

## V.     RECOMMENDATION

Plaintiff states cognizable claims against Defendants Rivera, Quillen, Beer, Munoz, McVay and Does I through III officers for the use of excessive force on June 4, 2004, in violation of the Eighth Amendment. However, Plaintiff's third amended complaint does not state a claim upon which relief may be granted against any other defendant for deliberate indifference of a serious medical need or for violation of Plaintiff's Due Process rights. As Plaintiff was provided with two opportunities to amended the complaint and it is apparent that further amendment could not correct defects of his claims, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's third amended complaint, filed June 4, 2010, against Defendants Rivera, Quillen, Beer, Munoz, McVay and Does I through III for the use of excessive force on June 4, 2004, in violation of the Eighth Amendment;

2. Plaintiff's claim of deliberate indifference and or excessive force stemming from placing a spit mask on Plaintiff and refusing to remove it after Plaintiff complained be dismissed for failure to state a claim upon which relief could be granted;

3. Plaintiff's claim of deliberate indifference for prematurely removing stitches be dismissed for failure to state a claim upon which relief could be granted;

4. Plaintiff's claim of violation of his due process rights for retaining plaintiff in administrating segregation subject to periodic review be dismissed for failure to state a claim; and

5. Defendants Beattles, Doe IV, Doe V, Felin, Rocha, Cano, Sheppard-Brooks, Lowden and Martinez be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 21, 2011

UNITED STATES MAGISTRATE JUDGE