# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN<br><br>        Plaintiff,<br><br>    v.<br><br>J. RIVERA, et. al.,<br><br>        Defendants. | CASE NO. 1:05-cv-00146-AWI-GBC (PC)<br><br>ORDER PARTIALLY ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISS SOME CLAIMS AND ALLOW CASE TO PROCEED ON OTHER CLAIMS<br><br>(Doc. 32) |

Plaintiff Cedric Allen ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 4, 2010, Plaintiff filed a third amended complaint. (Doc. 25).[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 22, 2011, the Magistrate Judge filed a Findings and Recommendations herein which was served on the Plaintiff and which contained notice to the Plaintiff that any objections to the Findings and Recommendations were to be filed within thirty days. (Doc. 32). On May 9, 2011, Plaintiff filed objections to the Findings and Recommendations. (Doc. 33).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court adopts the findings and recommendations in part and declines to adopt in part for the reasons set forth below.

Plaintiff objects to the Magistrate Judge's recommendation to dismiss the claim against

---

[1] Although the complaint is docketed (Doc. 25) as the second amended complaint, it is in fact the third amended complaint.

1

Defendants Beattles and John Does IV and V for conduct involving placing a spit mask onto Plaintiff and allowing the spit mask to remain on despite Plaintiff informing Defendants that he was unable to breath.  The Magistrate judge analyzed the claim under a deliberate indifference standard, however, the Court finds that Plaintiff states a claim against Defendants Beattles, Doe IV and Doe V under an excessive force analysis.  Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)).  Given Plaintiff's condition after a severe beating which resulted in blood saturating the mesh spit mask and his nose was clogged with mucous, Plaintiff stated a claim against Defendants Beattles, Doe IV and Doe V for excessive force for placing the spit mask over Plaintiff and for Defendant Beattles' refusal to remove the spit mask after Plaintiff informed Beattles that he could not breathe.

Having carefully reviewed the entire file, the Court finds the remainder of the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 22, 2011, is ADOPTED IN PART;
2. This action is to proceed on Plaintiff's third amended complaint, filed June 4, 2010, against Defendants Rivera, Quillen, Beer, Munoz, McVay, Beattles and Does I through V for the use of excessive force on June 4, 2004, in violation of the Eighth Amendment;
3. Plaintiff's claim of deliberate indifference for prematurely removing stitches is dismissed for failure to state a claim upon which relief could be granted;
4. Plaintiff's due process claim for retaining plaintiff in administrating segregation subject to periodic review is dismissed for failure to state a claim;
5. Defendants Felin, Rocha, Cano, Sheppard-Brooks, Lowden and Martinez are dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them; and

6. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: May 17, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE