# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN | CASE NO. 1:05-cv-00146-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR COURT RESPONSE |
| v. | Doc. 49 |
| J. RIVERA , et. al., | ORDER DENYING MOTION TO FILE A REPLY AFTER DEADLINE |
| Defendants. | Doc. 51 |
| | ORDER STRIKING DEFENDANTS REPLY FILED AFTER DEADLINE |

## I. Procedural History

Plaintiff Cedric Allen ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 21, 2011, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 45. On December 28, 2011, Plaintiff filed an opposition to Defendant's motion to dismiss. Doc. 47. On March 14, 2012, Plaintiff filed a motion requesting the Court to respond to Defendants' motion to dismiss. Doc. 49. Defendants failed to file a timely reply. However, on July 2, 2012, over six months later, Defendants filed a motion for leave to file a reply to Plaintiff's opposition and filed a reply. Doc. 51; Doc. 52.

## II. Motion for Court Response

Given that the Court has issued findings and recommendations concurrently with this order, Plaintiff's motion for court response is denied as moot. Doc. 49.

## III. Motion to File Reply

According to Local Rule 230(l) "[t]he moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition. All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever

comes first." L.R 230(l). Six months after Plaintiff's opposition was filed, Defendants requested leave to file a reply and filed a reply. Doc. 51; Doc. 52. Defendants fail to explain why any of the information they deem relevant was unavailable to them initially at the time when a timely reply was due. According to Rule 6 of the Federal Rules of Civil Procedure an extension may be granted after the time has expired if the party has failed to make a timely filing because of "excusable neglect." Fed. R. Civ. Pro. 6. "To determine whether neglect is excusable, a court must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp. Securities Litigation*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). Defendants have failed to address any of these factors and has not sufficiently demonstrated good faith for the lengthy delay. Therefore, Defendants' motion to file an untimely reply is denied and Defendants' reply is stricken.

### IV. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for Court response is denied as moot (Doc. 49);
2. Defendants motion for leave to file a late reply is denied (Doc. 51); and
3. Defendants reply is stricken (Doc. 52).

IT IS SO ORDERED.

Dated:  August 23, 2012

UNITED STATES MAGISTRATE JUDGE