# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN | CASE NO. 1:05-cv-00146-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| J. RIVERA , et. al., | Doc. 45 |
| Defendants. | TWENTY-ONE DAY DEADLINE |

## I.     Procedural History

Plaintiff Cedric Allen ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 21, 2011, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 45. On December 28, 2011, Plaintiff filed an opposition to Defendant's motion to dismiss. Doc. 47. Defendants failed to file a timely reply. However, on July 2, 2012, over six months later, Defendants filed a motion for leave to file a reply to Plaintiff's opposition. Doc. 51. On August 24, 2012, the Court denied Defendants' motion to file an untimely reply. Doc. 58.

## II.     Motion to Dismiss Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This

means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90-91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

Non-exhaustion under § 1997e(a) is an affirmative defense, which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In raising an unenumerated 12(b) motion based on a plaintiff's failure to exhaust, defendants have the burden of proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

1 failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide
2 disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has
3 failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

4 **B.    Analysis**

5 According to Defendants, on June 21, 2004, Plaintiff filed an administrative appeal alleging
6 the facts central to the complaint in this action. Doc. 45 at 2; Doc. 45 at 7-11 (Exhibit A). On July
7 1, 2004, Sgt. J. Martinez attempted to interview Plaintiff regarding his appeal, however, Plaintiff
8 chose to withdraw the appeal. Doc. 45 at 13 (Exhibit A).

9 In Plaintiff's opposition, Plaintiff counters that on July 8, 2004, Plaintiff preserved his appeal
10 because he had indicated that he no longer wished to withdraw his appeal and that he originally
11 indicated that he wanted to withdraw his appeal because he was concerned for his safety when a
12 correctional officer walked by with a riot gun during the above-mentioned interview. Doc. 47 at
13 1; Doc. 47 at 6 (Exhibit A). According to Plaintiff, on December 23, 2004, the response to
14 Plaintiff's appeal acknowledged that Plaintiff requested to preserve the appeal. Doc. 47 at 1; Doc.
15 47 at 10 (Exhibit A). Plaintiff asserts that on January 9, 2005, he filed his appeal to the third level
16 and the appeal was stamped as received on January 19, 2005. Doc. 47 at 1; Doc. 47 at 6 (Exhibit A
17 (stamp in lower right corner).

18 Given Plaintiff's evidence refute Defendants' assertion that Plaintiff's withdrawal of his
19 appeal was final, Defendants have failed to meet their burden to demonstrate that Plaintiff failed to
20 exhaust administrative remedies. *See Wyatt*, 315 F.3d at 1119 (defendants' burden).

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that: Defendant's motion to dismiss, filed November 21, 2011, be DENIED. (Doc. 45)

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 24, 2012

UNITED STATES MAGISTRATE JUDGE