# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN,<br><br>          Plaintiff,<br><br>   v.<br><br>J. RIVERA, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:05-cv-000146-AWI-SAB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS UNTIMELY<br><br>(ECF Nos. 55, 57 ) |

Plaintiff Cedric R. Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed June 4, 2010, against Defendants Rivera, Quillen, Beer, Munoz, McVay, and Beattles for excessive force in violation of the Eighth Amendment. On September 30, 2011, the discovery and scheduling order issued in this action setting the discovery cut-off date as May 20, 2012. (ECF No. 43.)  The discovery and scheduling order informed the parties that "the completion of all discovery, including filing motions to compel, shall be 05/20/2012." (Id. at ¶ 8.) Plaintiff filed a motion to compel on July 25, 2012. (ECF No. 55.) Defendants filed an opposition on August 17, 2012. (ECF No. 57.)

Plaintiff contends that he has requested the production of documents from Defendants several times and they have failed to provide the requested discovery. Defendants oppose the motion on the grounds that it is untimely and Plaintiff's request for production of documents was also untimely in that it was not served until June 5, 2012.

Plaintiff was informed in the discovery and scheduling order that all written requests for

discovery must be served at least forty-five days prior to the discovery cut-off date of May 20, 2012. (ECF No. 43 at ¶ 3.) In this instance, Plaintiff did not serve his discovery request until June 5, 2012, after discovery in this action had closed. Plaintiff did not seek an extension of the discovery deadline and his request for discovery was untimely. Further, Plaintiff would not be entitled to modification of the scheduling order. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). Plaintiff failed to submit his requests for discovery until after the discovery deadline and therefore did not exercise due diligence. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic, 302 F.3d at 1087. Further Plaintiff was informed in the discovery and scheduling order that any motion to modify the deadlines must be filed on or before the expiration of the deadline in question. (ECF No. 43 at ¶ 10.) Accordingly, Defendants were not required to respond to his untimely requests. Additionally, Plaintiff was informed that all motions to compel had to be filed by May 20, 2012. The instant motion was not filed until July 25, 2012, well after the date established in the discovery and scheduling order.

Based on the foregoing, Plaintiff's motion to compel is untimely and is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **January 24, 2013**              /s/ **Stanley A. Boone**
                                          UNITED STATES MAGISTRATE JUDGE