# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ALLEN,<br><br>          Plaintiff,<br><br>     v.<br><br>J. RIVERA, et al.,<br><br>          Defendants. | Case No.  1:05-cv-00146-AWI-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>[ECF Nos. 86, 94] |

Plaintiff Cedric Allen is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is currently proceeding on Plaintiff's amended complaint filed on June 4, 2010, against Defendants Rivera, Quillen, Beer, Munoz, McVay, and Doe V (Moles) for excessive force in violation of the Eighth Amendment Clause.  This matter is currently set for jury trial on November 20, 2013 at 1:30 p.m. before the undersigned.

Now pending before the Court is Plaintiff's motion for the attendance of incarcerated witnesses at his jury trial currently set for November 20, 2013 at 1:30 p.m.  Plaintiff requests the attendance of the following seven incarcerated witnesses:

Robert Thomas, Inmate No. D-26109

Alfonso Partida Rojas, Inmate No. K-98883

Hackworth, Inmate No. C-96290

1  Gary Bowman, Inmate No. T-09998

2  Jordan Emory Baxter, Inmate No. AE-4871 (Prior No. J-78731)

3  Martin J. Bibbs, Inmate No. H-03951

4  Kevin E. Fields, Inmate No. P-83425

Defendants filed an opposition to Plaintiff's motion on September 30, 2013. Defendants oppose Plaintiff's motion on the grounds that the declarations submitted by each witness fail to demonstrate their willingness to testify to testify at trial, and inmate Fields was housed in a different section of the facility and could not have witnessed the incident at issue in this case.

## I.
## DISCUSSION

### A.   Inmates Rojas and Bowman

As noted at pretrial hearing on September 30, 2013, the Court's review of the California Department of Corrections and Rehabilitations data bank reveals that inmates Rojas and Bowman are not currently listed as an incarcerated inmate at any facility. The parties have not shown to the satisfaction of the court that these inmates are presently incarcerated witnesses. Accordingly, on this basis, Plaintiff's request for the attendance of the Inmates Rojas and Bowman is DENIED.

### B.   Willingness of Incarcerated Witnesses to Testify at Trial

The Court is satisfied that the declarations by each inmate witness demonstrates in and of itself that each of the witnesses are willing to testify to the information at trial. Moreover, given Plaintiff's incarcerated status, the Court will not require him to provide further evidence that each of the witnesses is "presently" willing to testify at trial. Since no contrary evidence has been presented, I find that these declarations satisfy the "willingness to testify" in the Court's order.

Furthermore, the uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially

further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff has submitted declarations of each witness setting forth the factual circumstances of which they witnessed on June 4, 2004, which makes them percipient witnesses to the incident at issue.

Inmate Thomas declares that on June 4, 2004, he witnessed correctional officers Quillen and J.A. Rivera slam Plaintiff to the ground in 4A2R Section C. He also witnessed a correctional officer pepper spray and strike Plaintiff in the head with some type of object.

Inmate Baxter declares that on June 4, 2004, he observed correctional officers J.A. Rivera and Quillen violently assault Plaintiff.[1] It appears that one of the correctional officers was pulling back on Plaintiff's handcuffed arm as the other officer walked by. He observed one of the correctional officers take Plaintiff down and sprayed him in face directly into his eyes and mouth for close to five seconds. The other officer began punching and elbowing Plaintiff in the back and rib area. He heard Plaintiff state, "I'm not resisting why are you hitting me," and he was sprayed and dragged out of the section.

Inmate Bibbs declares that on or about June 6, 2004, he heard commotion, and he observed Plaintiff on the floor being restrained by two officers. Plaintiff was not combative and was not resisting. After Plaintiff was fully restrained, the officers proceeded to assault Plaintiff with pepper spray and a bar lock. After protest by several inmates who observed the incident, Plaintiff was taken into the rotunda area and the assault continued for approximately 30 to 45

---

[1] In his motion, Plaintiff referenced Inmate Jordan Emory Baxter's prior CDCR No. as J-78731. The Court has verified with the CDCR that Jordan Emory Baxter is currently incarcerated under inmate number AE-4871, and was previously incarcerated under inmate number J-78731.

minutes.

Inmate Hackworth declares that on June 4, 2004, he observed numerous officers and two sergeants hitting, kicking, and choking Plaintiff while he was against a wall in the rotunda. Although Plaintiff was not fighting or resisting, he observed sergeant R. Beer use one hand to choke Plaintiff by the throat cutting off his wind, and sergeant R. Munoz pepper sprayed Plaintiff's face. Then the officers slammed him head first to the ground and put leg-irons on him. He was picked up and dragged by the collar of his jumpsuit choking him to the B-Section door. He was then immediately slammed head first into a small wall near the section door by officers J. Rivera and T. Quillen. Plaintiff was hit several times with closed fists. Plaintiff was then taken into the shower area where he was sprayed with pepper spray. Plaintiff's head was held in the water and he heard him yell "I can't breathe." The two officers then pulled him out of the shower and slammed a spit mask over his head. Plaintiff was bleeding from his mouth, and he continued to tell the officers that he could not breathe. Plaintiff was dragged out of the section with his arms up over his head while handcuffed.

Inmate Fields declares that on June 4, 2004, he personally observed two unknown correctional officers, Does 1 and 2, as well as correctional sergeants Munoz and Beer, punch and use excessive force against Plaintiff while he was mechanically restrained. Inmate Fields also describes observations of force by sergeants Beer and Munoz against other unidentified inmates.

The Court has no information before that it that any of the inmate witnesses pose any exceptional security risk, or that transport and security are unduly burdensome. Inmates Thomas and Baxter are currently located at the California Substance Abuse Treatment Facility at Corcoran State Prison, inmate Hackworth is currently located at Salinas Valley State Prison, inmate Bibbs is currently at Pelican Bay State Prison, and inmate Fields is currently located at Corcoran State Prison.

**B.    Inmate Fields Observation of Incident at Issue**

Defendants argue that the declaration by inmate Fields indicates that, at the time of the June 4, 2004, incident, he was housed at 4A2R-4L, which is in A section of this block. Field's declaration indicates that he observed Defendants Munoz and Beer, along with two unknown

4

Correctional Officers, punching Plaintiff.  Plaintiff alleges that he was taken down by the C-section door, after which he was decontaminated in the B-section shower.  Defendants submit the declaration of T. Diaz, Correctional Lieutenant at CDCR, who declares that it was not possible for inmate Fields to observe these events from his cell in A section because section A is separated from other sections by a concrete wall.  Defendants therefore argue that inmate Fields lacks foundation and will not substantially further the resolution of this case.

The fact that Mr. Fields may not have been a percipient witnesses to the incident because of his location at the facility is a subject of his credibility that may be explored at trial and resolved by the trier of fact.  In light of the fact that's such testimony may not be of benefit to the plaintiff, if Plaintiff does not wish Mr. Field to be ordered appear, he can advise the court of this at the motion in limine hearing.  Otherwise, Mr. Field will be ordered to appear and the Defendants can properly cross examine him about his ability to see the event and his overall credibility.

## II.

## CONCLUSION AND ORDER

Based on the proposed testimony of the witnesses, all of which allegedly witnessed the incident at issue in this action, Plaintiff's motion for the attendance of incarcerated witnesses Robert Thomas, Hackworth, Jordan Emory Baxter, Martin J. Bibbs, and Kevin E. Fields is HEREBY GRANTED, and an order directing the transportation of Plaintiff and his five inmate witness will issue in due course.

IT IS SO ORDERED.

Dated:   **October 2, 2013**

UNITED STATES MAGISTRATE JUDGE