# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RIVERA, et al.,<br><br>    Defendants. | Case No. 1:05-cv-00146-SAB (PC)<br><br>ORDER REGARDING MOTIONS IN LIMINE<br><br>[ECF Nos. 87, 91, 95, 98] |

## I.

## PROCEDURAL HISTORY

Plaintiff Cedric Allen ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2005. This matter is set for jury trial on November 20, 2013, at 1:00 p.m. before the undersigned.

On September 16, 2013, Plaintiff filed a motion in limine regarding the admissibility of his arrest history, current criminal conviction, disciplinary hearing, or the results of the rules violation dated June 4, 2004. (ECF No. 87.) On September 19, 2013, Defendants' filed four separate motions in limine regarding the limitation on Plaintiff's testimony, the exclusion of certain trial exhibits, exclusion of testimony from former defense counsel Michael G. Lee, and exclusion of testimony concerning prior bad acts involving certain named defendants. (ECF Nos. 91, 95.) On October 3, 2013, Defendants' filed an opposition to Plaintiff's motion in

1 limine. (ECF No. 98.)

2     On October 15, 2013, the Court held a motion in limine hearing. At the hearing, Plaintiff
3 and counsel Lawrence Bragg and Monica Anderson appeared for Defendants telephonically.
4 The Court makes the following rulings with regard to the pending motions in limine.

## II.

## LEGAL STANDARD

7     "A motion in limine is a procedural mechanism to limit in advance testimony or evidence
8 in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may
9 use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually
10 introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine
11 is an important tool available to the trial judge to ensure the expeditious and evenhanded
12 management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115
13 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary
14 disputes before trial and avoids potentially prejudicial evidence being presented in front of the
15 jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of
16 prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.

## MOTIONS IN LIMINE

**A.  Plaintiff's Motions in Limine**

    1.  Plaintiff's Motion to Exclude Evidence of Prior Felony Convictions

21     Plaintiff moves to prohibit Defendants from raising his arrest history and current criminal
22 conviction. Defendants' oppose the motion and argue it is admissible under Rule 609 of the
23 Federal Rules of Evidence. Defendants' submit evidence that Plaintiff was convicted in 1983 of
24 multiple counts of robbery, burglary, rape, oral copulation, assault with intent to rape, and
25 kidnapping. (Ex. A, Abstract of Judgment.) For each offense, Plaintiff was sentenced to at least
26 one year in prison. Because Plaintiff is currently incarcerated for those offenses, Defendants'
27 argue the ten-year exception under Federal Rules of Evidence 609(b) does not apply.
28 Defendants seek to admit this evidence for purposes of impeachment. Fed. R. Evid. 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date. Fed. R. Evid. 609(b).

**Ruling:** Plaintiff's motion is denied in part and granted in part. If Plaintiff testifies at trial, pursuant to Rule 609(a)(1)(A) of the Federal Rules of Evidence, Defendants are entitled to impeach Plaintiff's witness testimony. However, Defendants are limited to referencing only the fact that Plaintiff has suffered prior felony convictions, in general. Pursuant to Rule 403 of the Federal Rules of Evidence, Defendants are precluded from referencing the specific nature of the prior felony convictions or sentence because its probative value is outweighed by its prejudicial effect on the jury. Fed. R. Evid. 403.

2.      <u>Plaintiff's Motion to Exclude Prison Disciplinary History</u>

Plaintiff moves to exclude any reference to his disciplinary history during incarceration. Defendants oppose Plaintiff's motion on the ground that the evidence is relevant to a determination of their state of mind at the time of the alleged excessive force. Defendants contend "[i]n order to more fully demonstrate the extent of the threat reasonably perceived by Defendants, it is necessary to introduce evidence concerning Plaintiff's prior Rules Violations, as known by Defendants. Defendants offer to prove that Plaintiff had received prior SHU sentences for physical offenses, and the fact that Plaintiff was housed in the SHU on an indeterminate basis demonstrates that he was found guilty of multiple prior serious Rules Violations.

**Ruling:** Plaintiff's motion is denied in part and granted in part. Defendants may testify as to their knowledge that Plaintiff was housed in the Security Housing Unit on an indeterminate basis, so long as proper foundation is established prior to such testimony. The Court will address any potential testimony regarding the specific nature of any prior rules violations Plaintiff may have received which resulted in the indeterminate SHU term if it arises trial, outside the presence

3

of the jury.

3.  <u>Plaintiff's Motion to Exclude Rules Violation Dated June 4, 2004</u>

Plaintiff seeks to exclude the admission of the Rules Violation Report consisting of Battery on a Peace Officer he received as a result of the incident on June 4, 2004, which resulted in a forfeiture of one hundred fifty days credit.

**a.  Result of Rules Violation Report**

Defendants first argue that this evidence is relevant under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because if Plaintiff establishes that he was subjected to excessive force because he did not strike or batter Defendant Rivera, such finding would necessarily invalidate the prior finding in the disciplinary hearing which resulted in the Rules Violation, in violation of <u>Heck</u>.

At the hearing defendants clarified that they were seeking to introduce the rules violation Petitioner received as a result of the June 4, 2004, incident.

**Ruling:** Defendants' request is denied.  The rules violation is irrelevant to the instant action which involves the use of excessive force.

**b.  Prior Inconsistent Statements**

Defendants submit that as a result of the Rules Violation, an investigation was conducted which included statements obtained from Plaintiff.

**Ruling:** The prior inconsistent statements by Plaintiff made during the course of the investigation of the Rules Violation are admissible to impeach Plaintiff at trial pursuant to Rule 613(b) of the Federal Rules of Evidence.  Any admissions of the Plaintiff can be used as substantive evidence to the extent relevant.

4.  <u>Restraint During Trial</u>

In his pretrial order, Plaintiff requests that he be allowed to conduct the trial free of restraints as is allowed to Defense counsel.  Plaintiff's request is denied.

Because Petitioner is currently incarcerated at the California Department of Corrections and Rehabilitation (CDCR), the Court must defer to the security restraints as required by the CDCR and United States Marshals.  While a prisoner is normally allowed to appear without hand restraints, his legs are usually shackled for security measures.  If deemed necessary for Plaintiff

1 to wear shackles or other restraints, the Court will order Plaintiff to be positioned at counsel's
2 table so that the restraints are out of the view of the jurors. Counsel's table has skirting around it
3 to prevent the jurors from observing any restraints. Further, if Plaintiff wishes to take the
4 witness stand to testify, he will be positioned on the witness stand outside of the presence of the
5 jurors in order to prevent them from seeing any restraints or shackles. This standard procedure
6 should be sufficient to address any concerns Plaintiff has with the jury potentially seeing his
7 shackles or other restraints while at the same time addressing security concerns.

        **B.**        **Defendants' Motions in Limine**

        1.        <u>Limitation of Plaintiff's Testimony</u>

10 Defendants seek to prevent Plaintiff from providing any testimony regarding a diagnosis,
11 opinion, inference, or causation as to his nature and extent of his injuries pursuant to Rule 701 of
12 the Federal Rules of Evidence.

13 **Ruling:** Defendants' motion is granted. Plaintiff may testify as to what he experienced
14 as a result of the June 4, 2004, incident. Fed. R. Evid. 701. Plaintiff is, however, precluded from
15 offering any opinions or inferences from any medical records. Fed. R. Evid. 701, 702.

        2.        <u>Exclusion of Plaintiff's Trial Exhibits</u>

17 Defendants seek to exclude the following five exhibits listed in Plaintiff's Pretrial
18 Statement: (1) Inmate's sworn statements; (2) Letters to and from Deputy Attorney General
19 Michael G. Lee; (3) CDC 115 and Investigation Reports; (4) Medical and Dental Records; and
20 (5) 602 Inmate Parolee Appeal forms.

        **a.**        **Sworn Statements by Inmates**

22 Petitioner attached several declarations by inmates to his pretrial statements. Defendants
23 object to admission of such declarations as hearsay.

24 Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter
25 asserted. Fed. R. Evid. 801(c). Unless hearsay is subject to a hearsay exception, it is not
26 admissible. Fed. R. Evid. 802, 803.

27 **Ruling:** The inmate declarations are inadmissible hearsay because they are out-of-court
28 statements offered for the truth of the matter asserted. These declarations were not prepared by a

1 party to this litigation and do not fall within any hearsay exception. Defendants have not had the
2 opportunity to ascertain the reliability or veracity of these statements through cross-examination,
3 thus these declarations would unduly prejudice Defendants. Therefore, Defendants' motion in
4 limine is granted.

5      **b.**      **Correspondence with Defense Counsel Regarding Settlement Discussions**

6      Defendants seek to exclude any correspondence between Plaintiff and Deputy Attorney
7 General Michael G. Lee former counsel of record for Defendants in this case. Correspondence
8 between the parties regarding possible settlement of the cases took place at various times in this
9 litigation, including September-October 2011 and March-April 2012.

10      **Ruling:** Defendants' motion to exclude such correspondence is granted. Pursuant to
11 Rule 408 of the Federal Rules of Evidence, evidence of settlement discussions is generally not
12 admissible. The letters exchanged between Plaintiff and Mr. Lee are not admissible as a matter
13 of law. Furthermore, because Mr. is not a percipient witness to the June 4, 2004, incident, Mr.
14 Lee is excluded as a witness in this case. (ECF No. 93, 8:2-3.)

15      **c.**      **CDCR 115 and Investigative Reports**

16      Defendants object to the introduction of the CDCR 115 Rules Violation Report and other
17 investigative reports by Plaintiff unless the documents are properly authenticated under Rule 901
18 of the Federal Rules of Evidence, by a witness with personal knowledge concerning the
19 document as required by Rule 602 of Federal Rules of Evidence. Defendants further object to
20 the CDCR 115 Rules Violation Report and other investigation reports to the extent the
21 documents contain inadmissible hearsay. Fed. R. Evid. 801, 802.

22      **Ruling:** Defendant's motion to exclude the Rules Violation Report and other
23 investigative reports contain inadmissible hearsay, and there is no applicable exception
24 established by Plaintiff. Accordingly, they are excluded under Rule 801 of the Federal Rules of
25 Evidence as inadmissible hearsay. To the extent that a witness who testifies prepared that a
26 report in question that witness may be impeached, consistent with the rules of evidence at trial,
27 or the Plaintiff establishes a proper hearsay exception for their admissibility.

28      **d.**      **Medical and Dental Records**

Defendants object to the introduction of medical and dental records, including CDCR Form 7219, on the grounds of lack of foundation, irrelevance and inadmissible hearsay, and relevancy.  Fed. R. Evid. 602, 801, 802, 401, 402.  Defendants also argue these documents constitute out-of-court statements composed by third parties, constituting hearsay.  Fed. R. Evid. 802, 803.

**Ruling:**  Defendants' motion to exclude any medical and dental records is granted. Plaintiff cannot lay a foundation for these records composed by third parties because he lacks personal knowledge concerning the content of these records; as such they are not relevant.  Fed. R. Evid. 402, 602.  The medical and dental records contain medical and dental opinions which can only be offered by a medical or dental expert.  Plaintiff is prohibited introducing any opinion testimony regarding his medical and dental condition because such evidence would be improper opinion under Rule 701 of the Federal Rules of Evidence.   However, Plaintiff is not precluded from offering his own testimony describing the extent of injuries he received as a result of the June 4, 2004, incident.

### e. 602 Appeal Records

Defendants seek to exclude a 602 Inmate Appeal form concerning the incident of June 4, 2004, as not properly authenticated under Rule 901 of the Federal Rules of Evidence, and also as inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence.

**Ruling:**  Defendants' motion to exclude the 602 inmate appeal form is granted as it is not relevant to the issue of whether defendants used excessive force against on June 4, 2004.  The documents also contain inadmissible hearsay.  In the event the 602 is necessary for impeachment or other permissible purpose, Plaintiff may raise the issue at trial and the matter will be considered outside the presence of the jury.

### 3. Exclusion of Testimony by Former Defense Counsel Michael G. Lee

Defendants seek to exclude the testimony of former defense counsel Michael G. Lee.

**Ruling:** Defendants' motion is moot.  In the Court's pretrial order issued September 23, 2013, the undersigned denied Plaintiff's request to call former defense counsel Deputy Attorney General Michael G. Less as a witness because he is not a percipient witness as to the factual

circumstances alleged in this case.  (ECF No. 93, 8:2-3.)

4. Exclusion of Testimony Concerning Prior Bad Acts

Defendants seek to exclude testimony by inmate Kevin E. Fields regarding prior incidents during the preceding two years involving the use of pepper spray and allegedly cutting off a prisoner's air supply by Defendant Beer.  Defendants also seek to exclude testimony by Mr. Fields as to prior incidents involving Defendant Munoz when he allegedly beat and stood on the necks of prisoners while the prisoners were in mechanical restraints.

In general, evidence of prior bad acts is inadmissible to establish a Defendant's propensity to commit the wrongful act in question under Federal Rule of Evidence 404.  See United States v. Mendoza-Prado, 314 F.3d 1099, 1103 (9th Cir. 2002).

Defendants argue that evidence that a Defendant improperly utilized pepper spray on a prior occasion, chocked an inmate on a prior occasion, or stood on the neck of a prisoner is not admissible to demonstrate that the Defendant acted improperly on the date in question.  Defendants also contend admitting this evidence would require them to address the prior event leading to undue delay and consumption of time at trial and could lead to jury confusion as to the facts of the prior event compared to the facts at issue in this case.  Defendants therefore seek exclusion under Rule 403 of the Federal Rules of Evidence.

**Ruling:**  Defendants' motion is granted.  Pursuant to Rule 404(a) of the Federal Rules of Evidence, Mr. Fields is not allowed to testify as to prior incidents involving any of Defendants; as such testimony constitutes improper character evidence and is not relevant to the instant action.

IT IS SO ORDERED.

Dated: **October 15, 2013**

UNITED STATES MAGISTRATE JUDGE