UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>J. RIVERA, et al.,<br><br>    Defendants. | Case No.: 1:05-cv-00146-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RETRIAL<br><br>[ECF No. 143] |

On November 20, 2013, a jury trial commenced in this action before the undersigned, and concluded on November 22, 2013, with a judgment in favor of Defendants.

On December 2, 2013, Plaintiff filed a notice of appeal, along with a motion for a retrial, presently before the Court. Defendants filed an opposition on December 19, 2013.

**I.**

**DISCUSSION**

**A.    Legal Standard**

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure if a party files a motion for new trial under Rule 59 of the Federal Rules of Civil Procedure, the time to file an appeal does not run until the entry of the order disposing of such motion. Fed. R. App. P. 4(a)(4)(A)(v). Rule 59(a) of the Federal Rules of Civil Procedure provides that a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R.

Civ. P. 59(a)(1)(A). Rule 59 does not specify the grounds on which a motion for a new trial may be granted. Zhang v. Am. Gem. Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the court is "bound by those grounds that have been historically recognized." Id. Historically recognized grounds for a new trial include a verdict that is against the weight of the evidence, damages that are excessive, or a trial that was not fair to the moving party. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007). A new trial may be granted only if, after weighing the evidence as the court saw it, "the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Id. (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000).

Local Rule 291.2, which governs motions for new trials, states:

> Motions for new trial shall state with specific references to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, (2) if a ground is insufficiency of the evidence, the particulars thereof, and (3) if a ground is newly discovered evidence, the particulars therefore, together with a full complete description of the facts relating to the discovery of such evidence and the movant's diligence in connection therewith. A motion for new trial and any opposition thereto shall be supported by briefs. Except as otherwise provided in this Rule or in the Federal Rules of Civil Procedure, L.R. 230 shall apply to motions for new trial.

### B. Plaintiff's Motion for New Trial

Plaintiff raises several grounds for a new trial in his motion, each ground will be addressed separately.

#### 1. Failure to Remove Certain Exhibits from Exhibit Binder

Plaintiff contends that he was denied a fair trial because the Court Clerk failed to remove Exhibits K and L from the Exhibit Binder.

Defendants correctly point out that Exhibit L consisted of photographs and a diagram of the lay-out at Corcoran State Prison where the incident in question took place, was admitted into evidence without objection. As Plaintiff refers to the Exhibit containing his abstract of judgment, it is presumed that Plaintiff is referring to Exhibit M, not Exhibit L.

Plaintiff fails to allege, or even attempt to provide, that any of the jurors actually viewed Exhibits K or M at any time during the trial. Plaintiff does not cite to any portion of the record, or submit any affidavits in support of his vague contention. In fact the record reflects that exhibits L7 and L21-L22, were the only exhibits admitted at trial.

To the extent Plaintiff is contending that the jury was exposed to extraneous information such as to require a new trial, several factors must be considered:

> (1) whether the material was actually received, and, if so, how; (2) the length of time it was available to the jury; (3) the extent to which the jurors discussed and considered it; (4) whether the material was introduced before a verdict was reached, and if so at what point in the deliberations; and (5) any other matters which may bear on the issue of the reasonable possibility of whether the material affected the verdict.

United States v. Saya, 274 F.3d 929, 937 (9th Cir. 2001).

As just stated, there is no evidence that Exhibit K or M actually were received, reviewed, discussed, or considered by any juror. Petitioner provides nothing more than his speculative allegation that these exhibits were available to the jury. Petitioner does not provide a date, time, or the manner in which the exhibits were allegedly made available, or any affidavit by a jury attesting to the receipt of such information. Accordingly, Plaintiff provides no basis for a new trial.

2. <u>Non-Verbal Communication Between a Juror and Transportation Officer and Defendant T. Quillen</u>

Plaintiff contends that Juror Five, Hancock, engaged in improper eye contact, smiles, and hand waves with Transportation Sergeant L. Sanchez and Defendant T. Quillen.

Plaintiff fails to support his claim with any factual support such as when the alleged conduct occurred, or that any communication involved extraneous information. Absent such information, Plaintiff's claim is completely unfounded. Furthermore, if such misconduct occurred prior to the jury rendering its verdict, the alleged violation should have been brought to the attention of the trial court or it is waived. See, e.g., Bank of the South v. Fort Lauderdale Technical College, Inc., 425 F.2d 1374, 1374 (8th Cir. 1996) (failure to promptly address misconduct waives objection and bars post-verdict challenge). Additionally, as with all trials this Court presides over, the Court often observed

the jury and saw none of the references Plaintiff is referring to. Assuming the alleged misconduct occurred prior to the verdict as Plaintiff alleges, Plaintiff failed to inform the Court and waived any such objection. Accordingly, Plaintiff provides no basis for a new trial.

### 3. Inability to Utilize Writing Tablet

Plaintiff contends that the transportation sergeant ordered a search of his cell and removed his writing tablet on November 21, 2013. Plaintiff references a cell search receipt but he does not submit such receipt. Plaintiff acknowledges that he received a tablet of writing paper from the Courtroom Clerk on November 22, 2013. Plaintiff contends that the removal of his tablet was done in an effort to search his personal property containing sensitive legal documents.

The Court provided Plaintiff with a writing tablet and Plaintiff fails to describe or allege how he was prejudiced. Thus, Plaintiff has failed to meet his burden of proof. See, e.g., Boston Scientific Corp. v. Johnson & Johnson, 550 F.Supp.2d 1102, 1110 (N.D. Cal. 2008) (moving party bears burden of demonstrating prejudice).

### 4. Prior Pleading Utilized to Impeach Plaintiff's Credibility

Plaintiff contends it was improper for Defendants to impeach his credibility with his original complaint.

"A new trial is only warranted on the basis of an incorrect evidentiary ruling if the ruling substantially prejudiced a party." United States v. 99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir. 1992). This requires the movant to demonstrate that, "more probably than not," the evidentiary error "tainted the verdict." Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir. 2008). A harmless error by a district court in an evidentiary ruling does not justify disturbing the jury's verdict. Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1439 (9th Cir. 1990).

The use of prior pleadings to impeach a party's credibility as a prior inconsistent statement is permitted. Evans v. Daniels, 289 F. 335, 338 (9th Cir. 1923); see also Fed. R. Evid. 613(b). Although Plaintiff filed an amended complaint that superseded the original complaint, there is no support for his argument that the original complaint was thereby voided. In Evans, the Court stated:

> a pleading being superseded by another furnished no valid ground for rejecting the admissions therein contained when offered for impeachment purposes.

Evans v. Daniel, 289 F. at 338 (citing Estate of O'Connor, 118 Cal. 69, 71 (1897).)

The original complaint and the CDCR form 602 Inmate Appeal attached as an exhibit to the complaint were authored by Plaintiff. Defense counsel read a portion of the complaint in which Plaintiff claimed he was pulled to the ground by Defendants without provocation, which was inconsistent with his later statements when Plaintiff admitted he kicked Defendant Rivera. The impeachment in this instance was proper as a prior inconsistent statement, and there is no basis for a new trial, and there is no basis for a new trial. See Fed. R. Evid. 607 and United States v. Gilbert, 57 F.3d 709, 710 (9th Cir. 1995) (witness may be impeached with a prior unsworn inconsistent statement)

5. Defendants Representation by Two Attorneys

Plaintiff contends he was denied a fair trial because Defendants were represented at trial by two different attorneys from the California Attorney General's Office. In support of his argument, Plaintiff contends defense counsel violated the Court's rule that only one attorney for each party may examine or cross-examine a witness. Plaintiff fails to cite any instance when a single witness was examined or cross-examined by more than one of the defense attorneys, and the Court does not recall any such incidence. Accordingly, Plaintiff's claim that he was subjective to "double-teaming" is unfounded and without merit.

6. Lack of Communication with Inmate Witnesses Prior to Testimony

Plaintiff contends that he was denied a fair trial when he was not allowed to communicate with inmate witnesses prior to their testimony at trial.

There is no authority for Plaintiff's position that as an incarcerated litigant he has the right to communicate with other inmates who may testify at trial. Lawful incarceration necessarily limits many of the privileges and rights based on the considerations of the penal system. Price v. Johnson, 334 U.S. 266, 285-286 (1948). Indeed, the Ninth Circuit has held that an incarcerated pro se defendant's access to legal materials and witnesses is not absolute and must be "balanced against the legitimate security needs or resource constraints of the prison." United States v. Sarno, 73 F.3d 1470,

1491 (9th Cir. 1995) (citation omitted).  The Court finds the balancing of the prisoner's right to access and the prison's security concerns applies with equal force to cases-such as this one-involving a pro se plaintiff.  See <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1141 (9th Cir. 1989) (Plaintiff prisoner "litigating pro se has the right to undertake the legal investigation and documentation of his claims in the manner that an attorney would, *subject to the security and disciplinary requirements of a prison*.") (emphasis added).  There is no enforceable right to communicate with other incarcerated witnesses.  Thus, because Plaintiff and all of his inmate witnesses were incarcerated at the time of the incident and at trial, the security concerns present mitigated against allowing Plaintiff to meet and confer with his inmate witnesses in person prior to their testimony at trial.   Further, Plaintiff was not prevented from communicating with his inmate witnesses prior to trial, as he could have communicated with them by mail and provided any information or documents he wished them to review in an effort to prepare them for trial.  Plaintiff provides no information as to whether he even attempted to communicate with his witnesses prior to trial.  Therefore, Plaintiff cannot show that he was prejudiced and there is no basis for a new trial.  Lastly, based upon their testimony it appears defendant was not prejudiced as the witnesses either recalled the incident or did not and testified accordingly.  Nothing Plaintiff could have discussed with them prior to their testimony would have or should have changed their testimony.

       7.       <u>Prevention of Calling Staff Witnesses to Testify at Trial</u>

Plaintiff contends the Court prevented him from calling staff witnesses to testify at trial because he could not pay for the witness fees.  Plaintiff is incorrect.  As Plaintiff was advised in the Court's August 28, 2013, trial scheduling order:

> If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  Id.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.
>
> If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).

6

> Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

(ECF No. 83, at 6:26-28, 7:1-12.)

At the telephonic pre-trial conference before the undersigned on September 20, 2013, Plaintiff initially indicated that he wished to call several non-party CDCR witnesses. Plaintiff was well-advised that he was allowed to call these witnesses, however, Plaintiff voluntarily withdrew his request because he did not have the funds to pay for service on these individuals. (ECF No. 93, at 7:10-15.) Plaintiff's due process rights were not violated and there is no basis to his motion for a new trial. See, e.g., Dicey v. Pickens, 506 Fed. Appx. 647 (9th Cir. 2013) (unpublished); Tedder v. Odel, 890 F.2d 210, 211-212 (9th Cir. 1989).

8.   Witness Identification of Defendants

Plaintiff contends that the Court prevented him from having the Defendants raise their hands to identify themselves after inmates Thomas and Bibbs testified that they had observed some of the Defendants assault Plaintiff.

There is no authority for the proposition that a party is required to identify himself after a witness testifies against him. However, in this case, defense counsel identified for the record each of the Defendants, including their clothing, after the testimony of inmate Thomas. Therefore, Plaintiff has not and cannot show any prejudice regarding the identification of the Defendants.

9.   Inadmissibility of Inmate Declarations

Plaintiff contends that his inmate witness declarations were admissible under 28 U.S.C. § 1746 and Rule 56(c)(4) of the Federal Rules of Civil Procedure.

Title 28, United States Codes, Section 1746 authorizes use of unsworn declaration under penalty of perjury whenever any law, rule, regulation, order or requirement permits any matter to be supported, evidenced, established or provided by sworn declaration. 28 U.S.C. § 1746; United States

1  v. Gomez-Vigil, 929 F.2d 254 (6th Cir. 1991).  The plain language of this statute, does not permit the
2  use of unsworn declaration in contravention of an applicable law, rule or regulation.  In this instance,
3  as stated by the Court during trial, the use of the inmate declarations would violate the rule against
4  hearsay.  Moreover, Rule 56 of the Federal Rules of Civil Procedure likewise does not permit the use
5  of the inmate declaration at trial.  Rather, this rule applies to the use of declarations in regard to
6  motions for summary judgment, not jury trials.  Plaintiff's inmate declarations were clearly hearsay to
7  which no exception applied.  Fed. R. Evid. 802 and 801.  Accordingly, there is no merit to Plaintiff's
8  argument.

        10.    Inadmissibility of Unauthenticated Medical Records

        Plaintiff contends that he was denied a fair trial because he was not permitted to introduce his medical and dental records into evidence unless the records were authenticated.  As stated in the Court's motion in limine ruling:

> Plaintiff cannot lay a foundation for these records composed by third parties because he lacks personal knowledge concerning the content of these records; as such they are not relevant.  Fed. R. Evid. 402, 602. The medical and dental records contain medical and dental opinions which can only be offered by a medical or dental expert.  Plaintiff is prohibited from introducing any opinion testimony regarding his medical and dental condition because such evidence would be improper opinion under Rule 701 of the Federal Rules of Evidence.  However, Plaintiff is not precluded from offering his own testimony describing the extent of injuries he received as a result of the June 4, 2004, incident.

(ECF No. 100, at 7:6-14.)

        Because Plaintiff lacked personal knowledge regarding the content of the records, he could not lay a foundation for such records.  Fed. R. Evid. 602.  In addition, the medical records constitute out-of-court hearsay statements composed by third parties.  Fed. R. Evid. 802, 803.  Further, the medical and dental records were not relevant to any issues in this case absent a supporting declaration from a competent medical or dental expert under Rule 401 of the Federal Rules of Evidence.  See Domingo v. T.K., 289 F.3d 600, 607 (9th Cir. 2001) (competent expert testimony is required to establish medical causation between a particular event and any injury.)  Although Plaintiff claims he was denied the opportunity call CDCR staff and expert witnesses, as stated above, Plaintiff was not denied such right

and voluntarily withdrew his request for such witnesses. In sum, the Court allowed Plaintiff to testify concerning his perception of the extent of the injuries he sustained as a result of the incident, and he was able to present evidence concerning such injury, and there is no basis for a new trial.

   11. <u>Trial Court's Motion for Judgment as Matter of Law as to Defendant Battles</u>

  Plaintiff contends the Court improperly granted Defendant Battles motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

  At the conclusion of Plaintiff's case-in-chief, there was no evidence from which a reasonable jury could find that Defendant Battles used excessive force on Plaintiff on June 4, 2004. Plaintiff claims inmate Hackworth testified that he saw Defendant Battles outside of the B-section shower, but he could not say for sure if he heard him tell officers Henry and Luther to put a spit-hood over Plaintiff's head. This equivocal testimony does not establish that a reasonable jury would have a reasonable evidentiary basis to find Defendant Battles used excessive force on Plaintiff on June 4, 2004. Plaintiff contends that he also testified that Defendant Battles ordered officers Henry and Luther to place a spit-hood over Plaintiff's head and when told that he could not breathe, he replied "if you are talking, you are breathing." However, Petitioner's credibility was impeached on several grounds, including his numerous felony convictions and the inconsistency as to how the incident occurred. There was no reasonable evidence that Defendant Battles was present and participated in the use of excessive force on June 4, 2004, and judgment as a matter of law was appropriate.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion for new trial is DENIED.

IT IS SO ORDERED.

Dated:  **January 27, 2014**            _____
                          UNITED STATES MAGISTRATE JUDGE